IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


| ISHMEL JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 17−cv−0804−MJR |
| JAQUELINE LASHBROOK, JONES, BRUMLEVE, and NITZSCHE | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ishmel Jackson, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### **The Complaint**

Plaintiff was in a fight with his cell mate on March 10, 2017. (Doc. 1, p. 5). He was housed by himself for 3 days. *Id.* On March 13, 2017, Nitzsche told Plaintiff to pack his things for a new cell assignment. *Id.* When Plaintiff found out he would be double celled, he refused to comply. *Id.* Nitzsche called Jones over and Plaintiff told Jones he would not move cells and that he wanted a crisis team. *Id.* Jones then told Nitzsche to turn off Plaintiff's water. *Id.* Plaintiff was without water for 7 days, despite writing emergency grievances. *Id.* Nitzsche also failed to give Plaintiff food during this time period. *Id.*

### **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use this designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

**Count 1** – Nitzsche, Jones, and Lashbrook violated Plaintiff's Eighth Amendment rights when they deprived him of food and water for a 7 day period in March 2017.

As to Plaintiff's **Count 1**, the Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Depriving a prisoner of food for several days is a constitutionally significant deprivation. *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999). Denial of water is a far graver problem, as a lack of water for only a few days can prove fatal. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has alleged that he was deprived of both food and water for a full 7 days. This is a clear violation of the Eighth Amendment's proscription of cruel and unusual punishment, particularly as to the denial of water. Plaintiff's claims shall be allowed to proceed against Nitzsche and Jones, the officers that actually did the depriving. Plaintiff has also alleged that he filed a number of emergency grievances. As the Warden has an obligation to review emergency grievances, it is a reasonable inference from the Complaint that Lashbrook was aware of the conditions Plaintiff was subjected to. That is sufficient to make it plausible that she may have been involved in the deprivation, so the Complaint will proceed against Lashbrook as well.

However, the only mention of Brumleve is that he worked at Menard and that he violated Plaintiff's constitutional rights. A bare conclusory statement that a defendant violated the Constitution is insufficient to state a claim pursuant to *Iqbal* and *Twombly*. Plaintiff has not alleged any facts that would make it plausible that Brumleve violated his rights. In the absence of such facts, Brumleve must be dismissed without prejudice at this time.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be addressed by Magistrate Judge Stephen C. Williams in a separate order. (Doc. 7).

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Lashbrook, Jones, and Nitzsche. Brumleve will be **DISMISSED without prejudice** as Plaintiff has failed to state a claim against him.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lashbrook, Jones, Nitzsche: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

5

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: October 13, 2017**

    s/ MICHAEL J. REAGAN
    **U.S. Chief District Judge**